THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILBUR T. JONES, JR., Defendant-Appellant.

Fourth District   No. 4—91—0245

Opinion filed September 30, 1991.

Daniel D. Yuhas and John Anthony Palombi, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant appeals from the denial of his motion to withdraw his guilty plea to one count of aggravated battery with a firearm. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.2.) He contends he was denied effective assistance of counsel at the motion to withdraw the plea because his trial attorney raised and argued his own ineffectiveness at the hearing. We affirm.

An information filed December 13, 1990, charged defendant with attempt (first-degree murder) (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 9—1) and aggravated battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4(b)(1)). On February 13, 1991, a third charge was added alleging defendant committed aggravated battery with a firearm (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.2). The defendant pleaded guilty on February 19, 1991, to aggravated battery with a firearm and, pursuant to the plea agreement, the court dismissed the other charges. Matthew Maurer, court-appointed counsel, represented defendant.

At the plea hearing, the court carefully explained the defendant's rights to him. The defendant stated he understood his rights and the ramifications of waiving them. Specifically, the court asked about legal representation:

"THE COURT: You have the right to be represented by an attorney. Are you satisfied with the representation Mr. Maurer has provided you?

THE DEFENDANT: Yes, sir."

The defendant also indicated no threats or promises had been made to induce him to plead guilty. The court found the defendant voluntarily waived his rights. The court accepted the guilty plea and sentenced the defendant to seven years' imprisonment.

On March 3, 1991, the defendant, through Maurer, filed a motion to withdraw his guilty plea. Maurer wrote and filed the motion which included a claim defendant was confused when he entered his guilty plea and inadequately represented by counsel.

At the March 12 hearing on the motion to withdraw the guilty plea, the only statement Maurer made to the court consisted of a brief summary of the written motion and the following comment:

"I think [defendant] probably can indicate better than I could as to—as far as what his confusion was and what his beliefs are as far as myself not adequately representing him than I probably could."

Only the defendant testified at the hearing. On direct examination by Maurer, the defendant claimed he was confused when he entered his plea and did not know what to do, "other than I was told that this would be best for me to take this." In response to a question about his claim of ineffective representation, the defendant stated:

"Well, every time I turn around you was saying it would be best if I took some time, you know. First it was eight years, then it was seven years. You never even—every time I would point something out to you, you know, any kind of something concerning the case, you was like well, that's nothing, and like you wasn't even going to really represent me, like you was just, you know—like you was just there and my case was there and then there was things you didn't even know. I pointed out in pieces of my case, papers that I had from the motion from discovery which I still ain't got back, that then, you know, you said you didn't know nothing about it, well, I ain't got this piece of your papers, you know, and then when I try to explain to you about something that occurred earlier, before the incident occurred where the victim had got shot, I mean I had brought that to your attention, some things that occurred and you never even checked into none of that. You know, I was asking you to check into things and you had never checked into them."

After cross-examination by the State, the court questioned the defendant.

"THE COURT: And do you remember when you entered your plea of guilty my asking you if you were satisfied with the representation of Mr. Maurer? Do you remember my asking you that?

THE DEFENDANT: Uh-huh.

* * *

THE COURT: What was that?

THE DEFENDANT: I believe yes.

THE COURT: Well, we don't do things twice just because you want to. Motion denied."

On appeal, defendant argues there is a *per se* conflict of interest when an attorney raises his own ineffectiveness. Due to this conflict, the

defendant claims he was denied effective assistance of counsel at the hearing on the motion to withdraw his guilty plea. He urges this court to vacate the trial court's order and remand for a new hearing on the motion to withdraw.

The Illinois Supreme Court decided *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, in 1984. The defendant in *Krankel* was found guilty of burglary. Defense counsel subsequently moved for a new trial. The defendant filed a *pro se* motion for a new trial repeating the assertions in counsel's motion and asserting ineffective assistance of counsel, based on counsel's refusal to present an alibi defense and investigate defendant's whereabouts at the time of the offense. The trial court denied all post-trial motions. On appeal, the parties agreed the trial court should have appointed a different attorney to represent the defendant at the post-trial hearing on his claim of ineffective assistance of counsel. The supreme court agreed.

■ Appellate courts have refused to interpret *Krankel* as holding there is a *per se* conflict of interest any time an attorney raises his own ineffectiveness. "We do not interpret the holding in *Krankel* to establish a *per se* rule that all *pro se* motions for new trial by defendants alleging ineffective assistance of trial counsel mandate appointment of new counsel to assist in the motion irrespective of the basis of the motion and in the absence of a request for new counsel." (*People v. Mallette* (1985), 131 Ill. App. 3d 67, 75, 475 N.E.2d 237, 243; see also *People v. Jackson* (1985), 131 Ill. App. 3d 128, 139, 474 N.E.2d 466, 474.) There is no *per se* rule requiring appointment of new counsel to represent a defendant on his claim of ineffective assistance of trial counsel, particularly when the defendant does not request a new attorney. *People v. Davis* (1986), 151 Ill. App. 3d 435, 442-43, 502 N.E.2d 780, 785.

While the motion to withdraw the plea here was prepared and filed by counsel, it is apparent the motion was filed at the behest of defendant, who had apparently complained to his counsel of confusion and inadequate representation. We do not believe this poses a *per se* conflict. Defendant was permitted to testify on his contention and his counsel did not make any arguments to refute the contention. In our view, this is analogous to the defendant filing a *pro se* motion and *Mallette* and *Jackson* are applicable.

We reject defendant's claim of a *per se* conflict of interest, and now address the merits of this case. The Third District Appellate Court faced a similar situation in *People v. Taylor* (1986), 146 Ill. App. 3d 45, 496 N.E.2d 263. There, defense counsel drafted the post-trial motion alleging his own ineffective assistance of counsel due to failures to make timely objections and motions. On appeal, the defendant argued counsel

operated under a *per se* conflict of interest at the post-trial motion hearing. Defendant argued the situation was analogous to situations where one assistant public defender argues the ineffectiveness of another assistant public defender from the same office. The Illinois Supreme Court has held such situations do present a conflict of interest. See *People v. Smith* (1967), 37 Ill. 2d 622, 230 N.E.2d 169; *People v. Terry* (1970), 46 Ill. 2d 75, 262 N.E.2d 923.

The third district disagreed with defendant and instead held the situation was more similar to cases where the defendant raises the issue *pro se* and counsel is thus forced to argue his own incompetence. "In such cases, a *per se* conflict does not exist. A conflict is determined by examining the underlying allegations of incompetence." *Taylor*, 146 Ill. App. 3d at 53, 496 N.E.2d at 268; see also *Davis*, 151 Ill. App. 3d at 443, 502 N.E.2d at 785; *People v. Johnson* (1981), 98 Ill. App. 3d 228, 232, 424 N.E.2d 610, 614.

■ The allegations of incompetence levelled by defendant at the hearing on the motion to withdraw are not clear or specific. We are not certain what defendant was trying to allege. A defendant claiming ineffective assistance of counsel bears the burden of showing counsel's performance was deficient and the deficient performance prejudiced him. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255.) Even before the decision in *Strickland*, courts required claims of ineffective assistance of counsel "at least be substantiated in some way by factual allegations." (*People v. Clem* (1979), 72 Ill. App. 3d 163, 169, 390 N.E.2d 615, 619.) Defendant did not make clear his claims of incompetence and did not substantiate them with factual allegations. He was not deprived of effective assistance of counsel at the hearing on the motion to withdraw the guilty plea.

The cases defendant relies upon are distinguishable. In *People v. Willis* (1985), 134 Ill. App. 3d 123, 479 N.E.2d 1184, the defendant pleaded guilty to burglary. He was represented at trial by a court-appointed public defender. Counsel later filed a motion to withdraw the guilty plea and vacate the judgment because the plea was entered involuntarily. The defendant filed a *pro se* motion to withdraw his plea and vacate the judgment and asserted ineffective assistance of counsel. Counsel then filed an amended motion which included the ineffective assistance claim and a claim the State reneged on a sentencing promise. Trial counsel represented the defendant at the post-trial motion hearing. Only the defendant testified, though in the process of examination the defendant asked counsel several questions regarding his "rap sheet," which counsel answered. The defendant claimed counsel told him to ac-

cept the plea agreement offer because, with his criminal record, the court would be justified in imposing a greater sentence. The record or rap sheet used at trial was not the defendant's and he denied, at the post-trial hearing, the mix up was clarified before he entered his plea. The appellate court held:

> "The circumstances surrounding the incorrect rap sheet, and the extent to which counsel's advice to his client was premised on what might happen if he insisted on a trial, was something that should have been explored fully during the hearing. Because it was counsel's performance below that was at issue, however, we believe a *per se* conflict of interest existed \*\*\*." *Willis*, 134 Ill. App. 3d at 132, 479 N.E.2d at 1190.

The case is distinguishable because the defendant in *Willis* clearly stated the basis for his claim of ineffective representation and substantiated it with factual allegations. *People v. Williams* (1988), 176 Ill. App. 3d 73, 530 N.E.2d 1049, is likewise distinguishable.

To the extent defendant has advanced a claim of ineffective assistance of counsel, the trial court was in a good position to evaluate that claim. Defendant did not claim there were witnesses who were not interviewed, or an alibi unexplored. Defendant did not claim he was misadvised. In sum, he claimed there were things he said or asked about that his attorney did not reply to in a satisfactory way.

The trial court at the original plea fully complied with Supreme Court Rule 402 (134 Ill. 2d R. 402), and specifically inquired about defendant's satisfaction with his representation by counsel. Defendant admitted he previously stated he was satisfied with defense counsel's performance. When given the opportunity at the hearing on the motion to withdraw to state his position, he made no specific allegations of ineffective assistance. There were no specific factual matters alleged that would require the appointment of new counsel to evaluate and present defendant's claim.

The defendant was not denied effective assistance of counsel at the hearing on his motion to withdraw his guilty plea simply because his attorney raised his own ineffectiveness. No claim by defendant required the appointment of new counsel. The trial court properly denied the motion to withdraw.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.