# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Dean*, 2012 IL App (2d) 110505

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN DEAN, JR., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0505 |
| Filed | September 7, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The denial of defendant's motion to withdraw his guilty plea and have new counsel appointed based on the ineffective assistance of counsel was upheld where the trial court's inquiry satisfied the requirements of *Krankel* and *Moore*, regardless of the fact that the trial court did not announce that a *Krankel* inquiry was being conducted. |
| Decision Under Review | Appeal from the Circuit Court of Lake County, No. 07-CF-617; the Hon. Christopher R. Stride, Judge, presiding. |
| Judgment | Affirmed. |

| Counsel on Appeal | Thomas A. Lilien and R. Christopher White, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | |
| | Michael J. Waller, State's Attorney, of Waukegan (Lawrence M. Bauer and Barry W. Jacobs, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| | Justices Hutchinson and Schostok concurred in the judgment and opinion. |

**OPINION**

¶ 1      Defendant, John Dean, Jr., appeals from the denial of his motion to withdraw his guilty plea. Defendant argues that the trial court erred in failing to appoint new counsel to represent him on his motion where the motion alleged counsel's ineffectiveness. He asks that we reverse the trial court's denial of his motion and remand for the appointment of new counsel and further postplea proceedings. For the reasons that follow, we affirm.

¶ 2                  I. BACKGROUND

¶ 3      Defendant pleaded guilty to one count of first-degree murder (720 ILCS 5/9-1(a)(1) (West 2006)) in exchange for the dismissal of seven other first-degree murder charges and a sentencing cap of 45 years.

¶ 4      Following a sentencing hearing, the trial court sentenced defendant to 33 years in prison. Defendant moved for reconsideration of his sentence. The trial court denied defendant's motion, and defendant timely appealed. On appeal, we vacated the trial court's order and remanded for compliance with Illinois Supreme Court Rules 604(d) (eff. July 1, 2006) and 605(c) (eff. Oct. 1, 2001). *People v. Dean*, No. 2-10-0240 (2010) (unpublished order under Supreme Court Rule 23).

¶ 5      On remand, defendant filed a motion to withdraw his plea.[1] The motion alleged:

---

[1]In his brief, defendant states that on May 12, 2011, he filed a *pro se* motion to withdraw his guilty plea and that, on that same day, defense counsel also filed a motion, which adopted defendant's *pro se* allegations. Defendant cites page 368 of the record in support of his statement that he filed a *pro se* motion; however, located at page 368 is not a *pro se* motion to withdraw his plea but rather a motion by defense counsel to withdraw as counsel. Defense counsel's motion states that defendant accused counsel of (1) advising defendant to plead guilty so that counsel would not

"1. On November 6, 2009 he entered a negotiated Plea of Guilty to the offense of Murder;

2. At the time of the entry of the plea, and for a long time prior thereto, he was being medicated in an amount that affected his ability to reason and understand and he did not fully appreciate the consequences of his plea;

3. Since his medication dosage has been reduced he is more alert and better able to reason and understand matters;

4. He was never informed that the jury could return a verdict of 'Second Degree Murder';

5. His plea was induced by his attorney because his attorney did not want to try his case."

¶ 6 On May 26, 2011, the trial court held a hearing on defendant's motion to withdraw his guilty plea. The court first addressed defense counsel's arguments concerning whether the medication taken by defendant affected defendant's ability to knowingly and voluntarily plead guilty. Defense counsel argued that, when defendant pleaded guilty, defendant was taking two antipsychotic drugs, which made defendant sleepy and interfered with his ability to reason and understand what was taking place. The court stated that, although two years had passed, it recalled very vividly defendant's Rule 402 (Ill. S. Ct. R. 402 (eff. July 1, 1997)) conference and plea hearing, due to the nature of the offense. The court noted that it recalled asking defendant about the medications he had taken and that defendant had seemed lucid, responded instantaneously to the court's questions, and acted without hesitation.

¶ 7 Turning to issues four and five of defendant's motion, the court asked defense counsel whether he had been unwilling to try defendant's case. Defense counsel responded, "No, sir. I have been doing this for over 50 years. One more wouldn't make much difference." The court stated:

"No, and my recollection is in that 402 conference you were driving very hard with respect to your readiness for trial, your belief that there was some evidence that there would be a second degree argument. We talked some time about that. We made a record on that as well; but counsel at all times, at least in front of this court, indicated and gave every indication to the State that he was ready, willing, and able to defend [defendant] should the matter proceed to trial."

The court next asked counsel whether he had discussed with defendant the possibility of a second-degree murder charge. Counsel responded that he had discussed second-degree murder with defendant, and he reminded the court that it had granted him permission to employ Dr. Conroe for the purpose of advancing a theory of second-degree murder. The State agreed that counsel discussed second-degree murder with the State and that second-degree

have to try the case, (2) failing to advise defendant of all available options, and (3) allowing defendant to be tricked into pleading guilty. Counsel's motion further states that defendant stated that he wanted new counsel. Page 369 of the record contains the motion to withdraw the plea, which (according to the attached Rule 604(d) certificate) was prepared by counsel.

murder was discussed at length during the Rule 402 conference. The court reviewed transcripts with defendant from immediately after the Rule 402 conference, when the court stated to defendant:

> "[Defense counsel] said, you know, the combination of the fact that she pulled the knife on you, that you had to defend yourself and the fact that you were not taking your medications in his opinion all laid the groundwork for a second degree murder offense, and this case would more appropriately be resolved if you pled guilty to a second degree murder.
>
> What I said to [defense counsel] is the same thing I'll say to you. I don't supervise the State's Attorneys, I don't tell them what they can and cannot offer. That's entirely in their discretion as the prosecutors what they offer somebody.
>
> What they're telling your attorney and what they're telling you is they're not going to offer second degree murder in this case. I can't compel them to do it and they're not going to do it. The only way you get the second degree, I guess, is if you go to trial and if there's evidence to support an argument for second degree."

Defendant agreed that counsel advised him that the State refused to accept a plea to second-degree murder, but defendant insisted that counsel never told him that he could be convicted of second-degree murder if he went to trial.

¶ 8    The court found defendant's plea to be knowing and voluntary and denied the motion. Defense counsel then made an oral motion for reconsideration of defendant's sentence.[2] The court granted the motion and reduced defendant's sentence to 30 years in prison.

¶ 9    Defendant timely appealed. He asks this court to reverse the trial court's denial of his motion to withdraw his guilty plea and remand for the appointment of new counsel and further postplea proceedings.

¶ 10                              II. ANALYSIS

¶ 11    Defendant argues that the trial court erred by failing to appoint "different counsel to represent [defendant] once it became apparent from the plain language of the motion to withdraw plea that [defendant] was alleging plea counsel's ineffectiveness." He points to Rule 604(d), which requires that, if requested by the defendant, counsel must automatically be appointed to represent the defendant once he files a postplea motion. According to defendant, "an attorney who has been alleged to be ineffective by a defendant who is pursuing a post-plea motion must be discharged as counsel in favor of an attorney who will be able to perform those duties." Defendant is essentially arguing that, whenever a defendant raises the issue of an attorney's ineffectiveness in a postplea motion, a *per se* conflict of interest arises and new counsel must be appointed to represent the defendant on his motion.

¶ 12    In response, the State argues that the trial court sufficiently inquired into the factual basis of defendant's allegations, in accordance with *People v. Krankel*, 102 Ill. 2d 181 (1984), and

---

[2]The State did not object below to defendant's motion to reconsider his sentence and on appeal raises no issue concerning its propriety.

*People v. Moore*, 207 Ill. 2d 68 (2003). Thus, according to the State, appointment of new counsel was not required. We agree with the State.

¶ 13    In *Krankel*, our supreme court held that, where a defendant has set forth a colorable claim of ineffective assistance of counsel, new counsel should be appointed before a hearing is conducted on that claim. *Krankel*, 102 Ill. 2d at 189. In *Moore*, our supreme court explained that new counsel is not automatically required merely because the defendant presents a *pro se* posttrial claim that his counsel was ineffective. *Moore*, 207 Ill. 2d at 77. The trial court must first examine the factual basis of the claim. *Moore*, 207 Ill. 2d at 77-78; *People v. Pence*, 387 Ill. App. 3d 989, 994 (2009). If the defendant's allegations show possible neglect of the case, the court should appoint new counsel to argue the defendant's claim of ineffective assistance. *Moore*, 207 Ill. 2d at 78; *Pence*, 387 Ill. App. 3d at 994. However, if the court concludes that the defendant's claim lacks merit or pertains only to matters of trial strategy, the court may deny the claim. *Moore*, 207 Ill. 2d at 78; *Pence*, 387 Ill. App. 3d at 994.

¶ 14    Defendant does not cite either *Krankel* or *Moore* and does not advance any argument that the court's inquiry was inadequate. Rather, defendant maintains that no inquiry was necessary, *i.e.*, that new counsel should have been appointed "once it became apparent from the plain language of the motion to withdraw plea that [defendant] was alleging plea counsel's ineffectiveness." However, *Moore* flatly refutes that contention. Indeed, " '[A] *per se* conflict of interest [does not] exist merely because a defense attorney's competence is questioned by his client during post-trial proceedings; rather, the underlying allegations of incompetence determine whether an actual conflict of interest exists.' " *People v. Perkins*, 408 Ill. App. 3d 752, 762 (2011) (quoting *People v. Davis*, 151 Ill. App. 3d 435, 443 (1986)). Thus, as the State asserts, we must examine the underlying allegations.

¶ 15    Although not expressly raised by defendant (and thus arguably forfeited), the "operative concern" is whether the trial court properly inquired into the underlying factual allegations of defendant's postplea claim. *Moore*, 207 Ill. 2d at 78-79. In *Moore*, the supreme court listed three ways in which a trial court may conduct its evaluation: (1) the court may ask defense counsel about the defendant's claim and allow counsel to "answer questions and explain the facts and circumstances surrounding" the claim; (2) the court may have a "brief discussion" with the defendant about his claim; or (3) the court may base its evaluation "on its knowledge of defense counsel's performance at trial and the insufficiency of the defendant's allegations on their face." *Moore*, 207 Ill. 2d at 78-79. Here, the trial court did all three. The court questioned defense counsel about the allegations raised in the motion. The court also had a discussion with defendant. In addition, the court considered the record and its own recollections about the case, including defense counsel's performance. Thereafter, the court rejected defendant's conclusory allegation that "his attorney did not want to try his case." Pointing to the report of proceedings following the Rule 402 conference, the court also rejected defendant's allegation that defendant was unaware of the fact that he could have been convicted of second-degree murder if he had gone to trial. During those proceedings, the court, after telling defendant that the State would not accept a plea to second-degree murder, told defendant that he could get a second-degree murder conviction only if he went to trial. Further, the record shows that defense counsel diligently prepared the case for trial

and secured a doctor for the purpose of advancing a second-degree murder theory at trial. Given the inquiry conducted by the court and the conclusory nature of defendant's allegations, the court properly refused to appoint new counsel. Although the court did not expressly indicate that it was conducting an inquiry into defendant's allegations pursuant to *Krankel* and *Moore*, that is exactly what the court did. There is no requirement that the court expressly state that it is conducting such an inquiry. Indeed, to so require would elevate form over substance. Thus, we find no error.

¶ 16    Defendant's reliance on *People v. Willis*, 134 Ill. App. 3d 123 (1985), and *People v. Williams*, 176 Ill. App. 3d 73 (1988), does not warrant a different conclusion.

¶ 17    In *Willis*, the defendant filed a *pro se* motion to withdraw his guilty plea. Defense counsel then filed an amended motion to withdraw the guilty plea. The amended motion alleged an ineffective-assistance claim and a claim that the State reneged on a sentencing promise. Defense counsel represented the defendant at the hearing on the motion. In the apparently informal tenor of the hearing, the defendant, during his testimony, asked counsel several questions regarding defendant's "rap sheet," which counsel answered. *Willis*, 134 Ill. App. 3d at 127-29. The defendant further testified that counsel told him to accept the plea offer because, with his criminal record, the trial court would be justified in imposing a greater sentence. However, the record or rap sheet before the trial court was not the defendant's and the defendant denied, at the posttrial hearing, that the mix-up was clarified before he entered his plea. The trial court denied the motion. On appeal, the defendant argued that he was entitled to a new hearing on his motion because he was represented by the same attorney against whom he asserted a claim of ineffective assistance. We agreed, noting as follows:

> "At the hearing, defendant unequivocally testified he pleaded guilty and accepted the five-year sentence because his attorney represented to him that if he went before the judge, he would receive a sentence of between 14 and 30 years, and that there were 'two counts of armed robbery on [his] rap sheet to hold it up.' Defendant denied that the rap sheet mix-up was cleared up before he entered his plea, even though he did understand that the State had revised its first offer of 14 years down to five years. Defendant testified that because he was promised two years, he did not want to take the five, but that his attorney kept telling him his rap sheet would justify the court's imposing a much heavier sentence.

> The circumstances surrounding the incorrect rap sheet, and the extent to which counsel's advice to his client was premised on what might happen if he insisted on a trial, was something that should have been explored fully during the hearing. Because it was counsel's performance below that was at issue, however, we believe a *per se* conflict of interest existed which required that counsel withdraw from representation of the defendant or, at the very least, that the court order that other counsel be appointed." *Willis*, 134 Ill. App. 3d at 132.

We held: "The circumstances of this case show there was a blatant *per se* conflict of interest, and that a new hearing with appointed counsel other than the public defender's office is merited." *Willis*, 134 Ill. App. 3d at 133. *Willis* thus is easily distinguishable because there we found, based on the defendant's and counsel's testimony at the hearing, that there was a

conflict of interest and that new counsel should have been appointed. Here, the inquiry revealed no conflict.

¶ 18    In *Williams*, the defendant moved to withdraw his guilty plea, arguing "that his plea was obtained by 'fraud and material misrepresentations made to him by the court, his attorney and other persons *** and by coercion perpetrated by his attorney, court and other persons.' " *Williams*, 176 Ill. App. 3d at 77. The court denied the motion, and the defendant appealed. On appeal, the defendant argued that he was "entitled to a new hearing on his motion to withdraw his guilty plea on the ground that his attorney had a conflict of interest and that he was denied effective assistance of counsel at the hearing." *Williams*, 176 Ill. App. 3d at 79. Relying on *Willis*, the First District agreed, finding: "The question whether the assistant public defender actually made misrepresentations to the defendant or 'coerced' him into pleading guilty contemplates the assistance of counsel at a hearing on the motion to withdraw the guilty plea. The assistance should be free of any conflict of interest. A new hearing with appointed counsel other than the public defender's office is required." *Williams*, 176 Ill. App. 3d at 79. Thus, the court remanded for a new hearing on the defendant's motion to withdraw his plea with directions to appoint new counsel. *Williams*, 176 Ill. App. 3d at 81-82. Arguably, *Williams* supports defendant's argument that, any time a defendant raises a claim of ineffectiveness in a postplea motion, new counsel should be appointed to represent the defendant on the motion. However, we disregard *Williams*, because it failed to address *Krankel* and it predates *Moore*, wherein the supreme court expressly found that new counsel is not automatically required merely because the defendant presents a *pro se* posttrial claim that his counsel was ineffective. *Moore*, 207 Ill. 2d at 77.

¶ 19                                    III. CONCLUSION
¶ 20    In light of the foregoing, the judgment of the circuit court of Lake County is affirmed.

¶ 21    Affirmed.