2020 IL App (2d) 180848-U
No. 2-18-0848
Order filed May 13, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Boone County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 15-CF-0206 |
| | ) | |
| IGNACIO F. ACOSTA, | ) | Honorable |
| | ) | C. Robert Tobin III, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRIDGES delivered the judgment of the court.
Justices Jorgensen and Brennan concurred in the judgment.

**ORDER**

¶ 1   *Held*: The trial court properly denied defendant's motion to withdraw his guilty plea, which defendant asserted was induced by his counsel's unfulfilled promise regarding the length of his sentence: defendant had assured the court that no promise had induced his plea, and the court found that no such promise had been made.

¶ 2   Defendant, Ignacio F. Acosta, appeals the denial of his motion to withdraw his guilty plea to aggravated domestic battery (720 ILCS 5.12-3.3)(a-5) (West 2014)).  He contends that his plea was not knowing and voluntary because his trial counsel misadvised him on the amount of good-

time credit and mandatory supervised release (MSR) that he would be required to serve. We affirm.

¶ 3                                                    I. BACKGROUND

¶ 4      On September 18, 2015, defendant was charged with multiple crimes relating to his conduct toward the victim, Maria Soto. At defendant's first court appearance, the trial court advised him that aggravated domestic battery was a Class 2 felony, with a sentencing range of 3 to 14 years' incarceration to be served at 85% with a 4-year MSR term. On October 16, 2015, defendant was indicted, and two counts of domestic battery were added. At arraignment, the court advised defendant that aggravated domestic battery was a Class 2 felony, with a sentence range of 3 to 7 years imprisonment, but up to 14 years if an extended term were to apply. The court specifically stated that defendant would have to serve 85% of the sentence. The court then stressed that defendant would not get day-for-day credit and repeated that he would have to serve at least 85%. The court also noted that the sentence would be followed by a four-year MSR term.

¶ 5      During a hearing on December 11, 2015, the trial court noted that defendant had two prior Class 2 felony offenses and advised defendant that he would be subject to Class X sentencing with a range of 6 to 30 years imprisonment to be served at 85% and with a 3- or 4-year MSR term. The court also stated: "In other words, you don't get day-for-day credit. A ten-year sentence would mean that you would have to serve eight and a half real world years."

¶ 6      On December 15, 2015, the parties agreed to a partially negotiated plea on the aggravated domestic battery count, and the trial court again informed defendant of his sentencing eligibility. According to the agreement, the State would request a 15-year prison sentence and the dismissal of the remaining charges. The trial court extensively questioned defendant regarding his understanding of the plea. The court stated that defendant would plead guilty to aggravated

domestic battery, and in exchange, the State would recommend a sentence not exceeding 15 years, but the court could impose a longer term if appropriate. Defendant stated that he understood. The court told defendant that the sentence range for aggravated domestic battery was normally 3 to 14 years, but that defendant's two prior Class 2 felony convictions rendered him eligible for Class X sentencing. Thus, defendant's sentence range would be 6 to 30 years with a 3- or 4-year MSR term. Defendant said that he understood. The court also admonished defendant that he would have to serve 85% of the sentence and gave as an example that if defendant were to be sentenced to a ten-year term, he would "have to serve at least eight and a half years of real world time for that sentence." Defendant stated that he understood.

¶ 7    The State gave a factual basis, and defendant stated that he wished to plead guilty. The court then admonished defendant about the rights he would give up by pleading guilty, and defendant stated that he understood. However, when the court asked whether defendant understood and still wished to plead guilty and give up those rights, defendant replied, "no" and "not really." The court called a recess to allow defendant to confer with counsel.

¶ 8    After the recess, counsel advised the trial court that defendant had been concerned about only whether the guilty plea would preclude him from calling witnesses at sentencing. The court confirmed that defendant would be able to call witnesses at sentencing and would be allowed to cross-examine the State's witnesses. The court then admonished defendant again about the rights he would give up if he pleaded guilty, and defendant stated that he wanted to plead guilty. Defendant stated that he had discussed the case and possible defenses with counsel and was satisfied with counsel's representation. Defendant stated that no one forced him to plead guilty and that his plea was voluntary. The trial court found that the plea was voluntary.

¶ 9    On February 17, 2016, counsel moved to withdraw the plea, alleging that it was not knowing and voluntarily and that defendant wished to assert his innocence. Counsel filed a Rule 604(d) certificate, but also filed a motion to withdraw. At the hearing on the motion, the trial court asked defendant about his concerns with his counsel. Defendant stated that counsel should have "[t]ried to look up more stuff in the law books" and stated that "I've been looking up the Fourth Amendment." When asked what counsel failed to do, defendant stated that "he's not representing me in a proper way" and "I'm not being understood." Defendant asked for a continuance, which the court denied. The trial court found that there was no reason to dismiss counsel.

¶ 10   In support of his motion to withdraw the plea, defendant testified that he was innocent and wished to go to trial with new counsel. Defendant acknowledged that he had not been forced to plead guilty and could not point to anything specific that he did not understand. The court denied the motion to withdraw the plea, finding that defendant had been thoroughly admonished and that the motion lacked a basis in law and fact.

¶ 11   At sentencing, the trial court stated that the applicable sentencing range was 6 to 30 years with a 4-year MSR term. The State requested a 15-year prison term, to be served at 85% with a mandatory 4-year MSR term. Defense counsel asked for the minimum of six years' imprisonment and acknowledged that defendant was required to serve 85% of the sentence. The court sentenced defendant to 15 years' imprisonment, to be served at 85%, followed by a 4-year MSR term. The court said that it would have imposed a much longer sentence if defendant had been convicted after a trial.

¶ 12   Defendant appealed, and we granted his motion for a summary remand, ordering the trial court to admonish defendant regarding his right to appeal in strict compliance with Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) and to then allow defendant to move to withdraw

his guilty plea. On remand, the trial court admonished defendant regarding his right to appeal. Counsel filed a motion to withdraw the plea that was essentially the same as the original. He then filed an amended motion to withdraw the plea, additionally alleging that defendant was not properly admonished of the possible penalties and that counsel had provided ineffective assistance.

¶ 13 Counsel also filed a motion to reconsider defendant's sentence, alleging that the 15-year prison term was excessive and that defendant did not qualify for Class X sentencing. The motion further alleged that, even if he was eligible for the Class X sentence, defendant was not required to serve 85% of his prison term and should have been eligible for day-for-day credit. The motion also alleged that defendant was subject to only a 3-year MSR term. The State disagreed with the allegations.

¶ 14 The trial court appointed a new public defender as conflict counsel. At the hearing on the motions, defendant testified that his plea was not knowing and voluntarily because trial counsel was "telling me one thing and another." When asked to clarify, defendant said that counsel told him that if he pleaded guilty, he could be sentenced to six years' incarceration, to be served at 50%. Defendant testified that he felt "played" by counsel when the court sentenced him to a 15-year term to be served at 85% with a 4-year MSR term. Defendant admitted that he did not raise his concerns with the court at sentencing but stated he did not do so because he expected to appeal the sentence. Defendant also acknowledged that, before sentencing, the court admonished him about the penalties, specifically that the sentence range was 6 to 30 years' imprisonment, to be served at 85%, with a State-recommended cap of 15 years, and that he had stated that he understood. Regardless, defendant stated that counsel had promised that the trial court would impose a six-year prison term, to be served at 50%, or that he could obtain that sentence later, after prevailing on appeal. Defendant admitted that he did not ask the court about the possibility of

receiving a six-year prison term, to be served at 50%, and did not raise any questions or concerns about it during the sentencing hearing.

¶ 15    Counsel testified that he never told defendant that he would serve 50% rather than 85% of his sentence.  He also testified that he would not have promised defendant a shorter sentence on appeal.  Based on the admonitions given at the plea hearing, the trial court denied the motion.  The court found that defendant was not credible, noting that granting the motion to withdraw the plea would require finding that defendant did not tell the truth during the plea hearing and that his trial counsel was lying.  The court denied the motion to withdraw the plea, and defendant appeals.

¶ 16                                    II. ANALYSIS

¶ 17    Defendant contends that his plea was not knowing or voluntary because his counsel misadvised him about his eligibility for good-time credit and the duration of his MSR.

¶ 18    A guilty plea must be voluntary and intelligent.  *People v. Blankley*, 319 Ill. App. 3d 996, 1007 (2007).  "One basis for the withdrawal of a guilty plea is where defense counsel gives the defendant inadequate advice prior to entering the plea."  *Id.* ¶ 39.  " 'A defendant may enter a guilty plea because of some erroneous advice by counsel, but that fact alone does not destroy the voluntary nature of the plea.' "  *Id.* (quoting *People v. Cunningham*, 286 Ill. App. 3d 346, 349.  Rather, " 'it must be shown that defendant was denied the effective assistance of counsel.' "  *Id.* (quoting *Cunningham*, 286 Ill. App. 3d 346 at 349-50).

¶ 19    To establish that counsel was ineffective, a defendant must satisfy the two-prong test articulated in *Strickland v. Washington*, 466 U.S. 688 (1984).  See *People v. Valdez*, 2016 IL 119860, ¶¶ 13-14.  Counsel's conduct is deficient under *Strickland* if counsel fails to ensure that the defendant entered the plea voluntarily and intelligently.  *People v. Rissley*, 206 Ill. 2d 403, 457 (2003).  To establish prejudice, a defendant must show a reasonable probability that, but for

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *People v. Manning*, 227 Ill. 2d 403, 418 (2008). The defendant bears the burden of establishing both parts of the *Strickland* test. *People v. Jones*, 219 Ill. App. 3d 301, 305 (1991). Claims that are not substantiated in some way by factual allegations must fail. *Id.* Likewise, claims that the record refutes cannot succeed. *People v. Strickland*, 363 Ill. App. 3d 598, 607 (2006).

¶ 20    A lack of prejudice may be shown when the trial court's admonitions pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) were sufficient to overcome any prejudice created by the claims of ineffective assistance. See *People v. Hall*, 217 Ill. 2d 324, 339 (2005). The purpose of such a colloquy is to ensure that a defendant's guilty plea is not accepted unless it is intelligent and voluntary. *People v. Horton*, 250 Ill. App. 3d 944, 951 (1993). This purpose would hardly be served if a defendant could state on the record that his plea was voluntary and then turn around and claim that it was involuntary, as it would reduce the colloquy to a meaningless exercise. See *People v. Robinson*, 157 Ill. App. 3d 622, 629, (1987). "[E]xhaustive admonitions cannot be disregarded as merely a ritualistic formality." *Ramirez*, 162 Ill. 2d at 245. Thus, "a defendant cannot be rewarded for disregarding the specific admonitions of the court." *People v. Radunz*, 180 Ill. App. 3d 734, 742 (1989). If a plea of guilty is to have any binding effect or is to be given any subsequent weight, extensive and accurate admonitions given by a trial court must be held to overwhelm a defendant's assertion that he entered his plea involuntarily. *Robinson*, 157 Ill. App. 3d at 629. Where, as here, a defendant has been meticulously advised of the consequences of his plea and has affirmatively acknowledged that he understands those consequences, he may not claim error on appeal merely because he is dissatisfied with the length of his sentence. *People v.*

*Spriggle*, 358 Ill. App. 3d 447, 455 (2005). We review the decision to grant or deny a motion to withdraw a plea for an abuse of discretion. *People v. Glover*, 2017 IL App (4th) 160586, ¶ 29.

¶ 21 Here, the trial court specifically found that defendant's assertions that his counsel misinformed him lacked credibility. That determination was not an abuse of discretion. Counsel specifically testified that he did not mislead defendant, and the court was entitled to credit counsel's testimony over that of defendant. Moreover, counsel's testimony about his representation of defendant was consistent with what transpired at the guilty plea hearing.

¶ 22 Defendant argues that counsel's amended motion to withdraw the plea, including the claim that the court erred in applying Class X sentencing, shows that counsel misinformed him of the sentence. But counsel's choice to pursue a legal argument in the motion to withdraw the plea does not show that counsel misinformed defendant at the time of the plea. The record does not support such a determination when counsel testified that he did not misinform defendant and when the court, on multiple occasions, and with defense counsel present, correctly and extensively admonished defendant of the sentencing range. Counsel also acknowledged at sentencing that the sentence would be served at 85% percent. Defendant stated each time that he understood. Defendant assured the court that no one had forced or threatened him into pleading guilty and that no promises, other than the terms of the negotiated plea, had been made. In short, defendant assured the trial court that he was pleading guilty freely and voluntarily to a 15-year sentence, to be served at 85%, with a 4-year MSR term. The trial court correctly considered the guilty plea proceedings, assessed the credibility of defendant and counsel, and did not abuse its discretion when it denied the motion to withdraw the plea.

¶ 23                                     III. CONCLUSION

¶ 24    For the reasons stated, the trial court did not err in denying the motion to withdraw the plea.

Accordingly, the judgment of the circuit court of Boone County is affirmed.

¶ 25    Affirmed.